**UNITED STATES DISTRICT COURT** **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:26-CV-215 |
| | § | |
| DR. ISAAC CHOI and MICHAEL STOCKHAUSEN, | § | |
| | § | |
| | § | |
| Claimants. | § | |

**MEMORANDUM AND ORDER**

Pending before this court is Plaintiff Wells Fargo Bank, N.A.'s ("Plaintiff") Verified Motion for Default Judgment Against Claimant Michael Stockhausen (#10). Having considered the pending motion, the record, and the applicable law, this court is of the opinion that the motion should be granted.

I. Background

This interpleader action concerns disputed funds that are in Plaintiff's possession. On or about January 14, 2022, Claimant Isaac Choi ("Choi") wrote a check for $75,000 payable to the "United States Treasury." The memo line of the check reflected that the check was for Choi's estimated taxes. Choi sent the check through the United States Postal Service.

On or about January 24, 2022, the check was diverted, made payable to "Roman Anthony Stockhausen," and deposited into a Wells Fargo account jointly belonging to Roman Stockhausen and Claimant Michael Stockhausen ("M. Stockhausen"). Funds from the same check were then transferred to M. Stockhausen's individual account. On January 30, 2023, Choi filed a complaint in the District Court of Jefferson County, Texas, against Plaintiff, Roman Anthony Stockhausen,

and others, relating to the check. This prompted Plaintiff to freeze $42,721.51 ("Disputed Funds") in M. Stockhausen's account.

On May 29, 2026, Plaintiff initiated this action and filed its Complaint for Interpleader (#1). On June 3, 2026, Choi filed an answer (#4), wherein he asserts that he is entitled to recover the entire amount of the Disputed Funds and denies that M. Stockhausen is entitled to any of the funds. On June 6, 2026, M. Stockhausen was served with the Summons (#3) and the Complaint for Interpleader (#1). The Return of Service (#6) is on file with this court. M. Stockhausen has not answered or otherwise appeared. On July 17, 2026, the Clerk of Court properly entered a Default Judgment against M. Stockhausen (#8). *See* FED. R. CIV. P. 12(a)(1)(A) (requiring a defendant to serve an answer "within 21 days after being served with the summons and complaint"). On August 3, 2026, Plaintiff filed the pending Motion for Default Judgment (#10) against M. Stockhausen.

## II. <u>Legal Standard</u>

### A. <u>Default Judgment Standard</u>

Federal Rule of Civil Procedure 55 sets forth the conditions under which default judgment may be entered against a party when it fails to plead or otherwise respond to the plaintiff's complaint in the required time frame. *See Webster v. Kijakazi*, No. 21-50455, 2021 WL 4468889, at *3 (5th Cir. Sept. 29, 2021); FED. R. CIV. P. 12(a)(1)(A) (requiring a defendant to serve an answer "within 21 days after being served with the summons and complaint"). The Fifth Circuit adopted a three-step process to obtain a default judgment: the defendant's default, an entry of default by the Clerk of Court, and a default judgment by the court. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *see Webster*, 2021 WL 4468889, at *3; *Lindsey v. Prive Corp.*,

161 F.3d 886, 892-96 (5th Cir. 1998); *Lakeview Loan Servicing, LLC v. Hall*, No. 6:25-CV-310-JDK, 2026 WL 1971270, at *2 (E.D. Tex. Jul. 8, 2026); *Alvarado Martinez v. Eltman L., P.C.*, 444 F. Supp. 3d 748, 752 (N.D. Tex. 2020). The Clerk of Court may issue an entry of default when the default is established by affidavit or otherwise. FED. R. CIV. P. 55(a); *N.Y. Life Ins. Co.*, 84 F.3d at 141; *accord Hall*, 2026 WL 1971270, at *2; *see Alvarado Martinez*, 444 F. Supp. 3d at 752. "Until defendants are properly served and the clerk of court enters a default, 'Plaintiffs have no basis for seeking a default judgment.'" *Balderas v. Nguyen*, No. 3:19-CV-2826-D, 2020 WL 2495889, at *3 (N.D. Tex. May 14, 2020) (quoting *Steele v. Unicon Grp.*, No. 3:19-CV-1679-N-BH, 2019 WL 4919027, at *2 (N.D. Tex. Sept. 5, 2019), *adopted by* No. 3:19-CV-1679-N-BH, 2019 WL 4918258 (N.D. Tex. Oct. 4, 2019)); *accord Knight v. BMO Bank Nat'l Ass'n*, No. 4:25-CV-1065-ALM-AGD, 2026 WL 533301, at *2 (E.D. Tex. Jan. 22, 2026), *adopted by* No. 4:25-CV-0165-ALM-AGD, 2026 WL 531424 (E.D. Tex. Feb. 25, 2026). When requesting the entry of default, the moving party must provide a sworn statement indicating whether the defendant is currently serving in the armed forces. *Wells Fargo Bank, Nat'l Ass'n. v. Irvin*, No. 1:19-CV-171-H, 2021 WL 3030086, at *2 (N.D. Tex. June 15, 2021) (citing 50 U.S.C. § 3931); *DISH Network L.L.C. v. Khalid,* No. CV H-19-4563, 2021 WL 765709, at *2 (S.D. Tex. Feb. 23, 2021); *Twist & Shout Music v. Longneck Xpress, N.P.*, 441 F. Supp. 2d 782, 783 (E.D. Tex. 2006). Furthermore, a default judgment should not be entered against an infant or an incompetent person unless he or she is represented in the case by a guardian or other representative. *See* FED. R. CIV. P. 55(b)(2); *Wells Fargo Bank, Nat'l Ass'n*, 2021 WL 3030086, at *2.

M. Stockhausen has not appeared or answered in these proceedings in the time frame provided by law. *See* FED. R. CIV. P. 12(a)(1)(A) (requiring a defendant to serve an answer "within 21 days after being served with the summons and complaint"). He was properly served on June 6, 2026, and his failure to respond constitutes default. Accordingly, the Clerk of Court entered a default on July 17, 2026. Plaintiff's counsel, Brent Martinelli ("Martinelli"), declared under penalty of perjury that the procedural requirements of default were met (#10). Martinelli further stated that M. Stockhausen is not an active duty military member, incompetent, or an infant, and that he was properly served with the Summons and Interpleader Complaint. These actions satisfy the first two steps of the default judgment process—the defendant's default and the entry of default by the Clerk of Court. The final step is for this court to determine whether it is appropriate to enter default judgment. *See* FED. R. CIV. P. 55(b)(2).

B. Analysis

District courts have discretion with regard to granting or denying motions for default judgment. *Mason v. Lister,* 562 F.2d 343, 345 (5th Cir. 1977); *see Settlement Funding, LLC v. TransAmerica Occidental Life Ins. Co.*, 555 F.3d 422, 424 (5th Cir. 2009); *Alvarado Martinez*, 444 F. Supp. 3d at 752. When initially assessing whether it is appropriate to enter default judgment, courts consider the following six factors:

> (1) whether material issues of fact are at issue, (2) whether there has been substantial prejudice, (3) whether the grounds for default are clearly established, (4) whether the default was caused by a good faith mistake or excusable neglect, (5) the harshness of a default judgment, and (6) whether the court would think itself obliged to set aside the default on the defendant's motion.

*Berkley Assur. Co. v. Serrano*, No. EP-14-CV-00135-DCG, 2014 WL 6979528, at *2 (W.D. Tex. Dec. 9, 2014) (quoting *Fid. & Guar. Life Ins. Co. v. Unknown Tr. of Revocable Tr.-8407*, No.

13-CV-412-PRM, 2014 WL 2091257, at *2 (W.D. Tex. May 16, 2014)); *see Lindsey*, 161 F.3d at 893.

Applying the six-factor test to this matter, the court finds that a default judgment against M. Stockhausen is warranted. First, the court does not find there to be any issues of material fact. "When a defendant defaults, he admits to the plaintiff's well-pleaded allegations of fact." *Nishimatsu Constr. Co. v. Hous. Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *accord NewRez LLC v. Lebron*, No. 4:25-CV-00154-SDJ-AGD, 2026 WL 1378593, at *3 (E.D. Tex. Apr. 29, 2026), *adopted* by No. 4:25-CV-00154-SDJ-AGD, 2026 WL 1375941 (E.D. Tex. May 15, 2026). Moreover, Choi agrees with Plaintiff's recitation of the facts.

Second, M. Stockhausen has prejudiced Plaintiff by failing to appear or answer. *See, e.g.*, *Hall*, 2026 WL 1971270, at *2.

Third, the "unresponsiveness on the part of the Defaulting [Claimant] clearly establishes a default and renders default judgment an appropriate remedy." *NewRez LLC*, 2026 WL 1378593, at *3 (citing *Graham v. Coconut LLC*, No. 4:16-CV-606, 2017 WL 2600318 at *2 (E.D. Tex. June 15, 2017) (internal citation omitted)). As discussed above, Plaintiff clearly established the grounds for default.

Fourth, there is no evidence that M. Stockhausen has defaulted due to a good faith mistake or excusable neglect. *See Hall*, 2026 WL 1971270, at *3 (citing *Lindsey*, 161 F.3d at 893.

Fifth, the harshness of default judgment appears to be warranted. "The [Claimant has] had ample time to answer or otherwise respond to the complaint and failed to do so." *Hall*, 2026 WL 1971270, at *3.

Sixth, there is no reason to believe that the court would be obligated to set aside the default.

Accordingly, the six factors lean in favor of granting Plaintiff's Motion for Default Judgment against M. Stockhausen.

C. Statement of Proper Claim for Relief

While an entry of default means the factual allegations in the Plaintiff's complaint are taken as true, the court must still ensure that there is a "sufficient basis in the pleadings for the judgment entered." *NewRez LLC*, 2026 WL 1378593, at *4 (citing *Liquid Capital of Am. Corp. v. Effective Bus. Sols. Inc.*, No. 3:18-CV-3102-S-BH, 2020 WL 2950412, at *4 (N.D. Tex. Mar. 30, 2020); *Sanchez v. Maddies Mayhem, LLC*, No. 4:19–CV-00574-SDJ-CAN, 2020 WL 4808604, at *4 (E.D. Tex. July 27, 2020)).

"The effect of a default judgment against a named [Claimant] in an interpleader action is that the defaulting party 'forfeits any claim of entitlement [to the funds] that might have been asserted.'" *Tijerina v. Securian Life Ins. Co.*, No. EP-24-CV-86-KC, 2024 WL 4820861, at *4 (W.D. Tex. Nov. 18, 2024) (citing *Midland Nat'l Life Ins. Co. v. Santana-Ayala*, No. 5:19-CV-591-JKP, 2020 WL 33598, at *2 (W.D. Tex. Jan. 2, 2020) (internal citation omitted)). As M. Stockhausen has failed to answer or appear, he has forfeited any potential claim over the Disputed Funds. Because Choi is the only other Claimant in the proceeding, "the court does not need to evaluate the merit[s] of [Choi's] claim; [he] is entitled to the fund." *Id.* (citing *Benjamin Moore & Co. v. Menendez*, No. 18-CV-2288, 2019 WL 3413420, at *1 (N.D. Tex. July 29, 2019)). Thus, the court finds Plaintiff's complaint sufficiently states a claim showing it is entitled to relief and can distribute the Disputed Funds to Choi.

## III. Conclusion

The court is satisfied that the procedural prerequisites for obtaining a default judgment have been met. Accordingly, Plaintiff's Verified Motion for Default Judgment Against Claimant Michael Stockhausen (#10) is GRANTED. Default judgment is hereby entered against Michael Stockhausen. Plaintiff shall pay the Disputed Funds to Choi within fourteen days of the entry of this order. A final judgment shall be entered separately.

SIGNED at Beaumont, Texas, this 7th day of August, 2026.

Marcia A. Crone

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE